Zachariah D. Conway, OSB No. 165832
Staff Attorney
NALIKO MARKEL, TRUSTEE
400 East 2nd Avenue, Suite 200
Eugene, OR  97401
Telephone: (541) 343-1555

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

In re:

BENJAMIN LESLEY SMITH
KATCINA SMITH,

Debtors.

Case No. 25-60544-pcm13

**TRUSTEE'S OBJECTION TO
CONFIRMATION AND MOTION
TO DISMISS**

Naliko Markel, Trustee, objects to confirmation of the Debtors' Chapter 13 Plan (ECF No. 22). The reasons are as follows:

**1. Plan is not feasible:** including the IRS' claim (#6) showing estimated amounts for 2023 and 2024, the Plan appears underfunded approximately $118,775.

**2. Prepetition tax returns required by § 1308.** The Meeting of Creditors was conducted and concluded on 4/17/2025. At the Meeting, Debtors testified that they had not filed all tax returns that they were required to for the past four years, that they had obtained extensions, and that they were working to file tax returns for for tax years 2023 and 2024. As of today's date, the Trustee has not received copies of Debtors' 2023 or 2024 tax returns. The Trustee has received a copy of the Form 4868 for tax year 2023 showing an extended return deadline of October 15, 2024. The Trustee has not received a copy of any further extension documents for tax year 2023 or any extension documents for tax year 2024.

PAGE 1 OF 4 – TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS

**3.  Plan does not commit all of Debtors' excess projected disposable income pursuant to 11 U.S.C. § 1325(b)(1)(B) for the applicable commitment period:**

    (a) Per means test (ECF 18; filed 03/25/25), Debtors' disposable income is $66,585 (x 60 = $3,995,100) meaning that nonpriority unsecured claims ($237,680 per Schedule F) are entitled to 100%. Plan currently has insufficient funding to provide any distribution to those creditors;

    (b) Plan payments should increase by $884 beginning 9/2027 when the 2021 Chevrolet Silverado is paid off; and

    (c) Trustee objects to the continuation of the $608 monthly whole life insurance expenses, listed on Schedule J, line 15a, which does not appear reasonable or necessary without further explanation.

**4.  Plan does not meet the best interest test of 11 U.S.C. § 1325(a)(4):** Subject to review of additional documentation, based on Debtors' non-exempt equity in personal property, the Trustee calculates a best interest figure of $25,658 which should replace "0" in Plan ¶4(h).

**5.  Trustee has identified the following deficiencies in Debtors' paperwork:** Please provide:

    (a) Reconciliation between Form 1305 (ECF 3; filed 02/28/25) and Plan ¶4(c);

    (b) An amended Schedule A to remove the "f" before the house number;

    (c) An amended Schedule B, line 17, to disclose all Debtors' bank accounts, including Chase #7076, #8069, #7068, and Wells Fargo #3958 accounts;

    (d) An amended Schedule B to disclose any additional assets, as appropriate;

    (e) An amended Schedule D to disclose all claims secured by Debtors' real property; and

    (f) An amended Statement of Financial Affairs #27 to disclose all businesses Debtors owned or had an applicable connection to in the 4 years prior to filing.

**6.  Trustee requests the following documentation:**

(a) Copies of Debtors' 2022, 2023, and 2024 tax returns;

(b) A 2025 year-to-date profit and loss statement for Update Your Place Inc;

(c) A 2025 year-to-date profit and loss statement for Katcina Smith Realty;

(d) A 2025 year-to-date MLS transaction history for Katcina Smith Realty;

(e) Documentation showing any pending commissions for Katcina Smith Realty;

(f) Copies of the Debtors' Chase #8937, Key Bank #5009, and Wells Fargo #3958 bank account statements covering the date of filing (2/28/25);

(g) Copies of the Debtors' Chase #7076, #8069, and #7068 bank account statements for the two months prior to filing, and covering the date of filing;

(h) An itemized list of Debtors' firearms, to include make, model, caliber, condition, and value.

(i) Copies of the Debtors' 1st and 2nd mortgage statements to support the $3,700 and $400 expenses listed on Schedule J, lines 4 and 5 respectively;

(j) Proof of the $1,774 health insurance expense listed on Schedule J, line 15b;

(k) Declarations page and documentation showing the cash/surrender value for Debtors' whole life insurance policy.

**7.  Amended Plan change:** Bank of America, N.A's claim (#1-1; filed 03/10/25), secured by the 2024 Hyundai Santa Fe, appears eligible for cramdown pursuant to In re Penrod, 611 F.3d 1158 (9th Cir. 2010) because the contract includes $4,900.00 of negative equity due to the trade in of a 2020 Porsche Macan. If Debtors retain the vehicle, the Trustee calculates the claim may be treated in ¶4(b)(2) of an Amended Plan with a modified value of $55,435. Note, the "Motion to Value Collateral" box in Plan ¶ 1 should be checked

*///*

*///*

*///*

PAGE 3 OF 4 – TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS

**Motion to Dismiss**. For the above reasons, the Trustee moves the Court for an order dismissing this case.

DATED this 1st day of May, 2025.

NALIKO MARKEL, TRUSTEE


By: _/s/ Zachariah D. Conway, OSB No. 165832, for_
Naliko Markel, Trustee


# CERTIFICATE OF SERVICE


I hereby certify that on May 1, 2025, I served a copy of the foregoing TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS by mailing a copy of this document by United States first-class mail, postage prepaid, and addressed to the following:

Benjamin & Katcina Smith
1593 Greyback Ct.NW
Salem, OR 97304


Kevin Rank, Attorney for the Debtor(s) (via ECF)


NALIKO MARKEL, TRUSTEE


By: /s/ Teresa Maxwell
Teresa Maxwell
Pre-Confirmation Case Analyst

PAGE 4 OF 4 – TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS